IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS P. LAGANELLA, JR. | : | CIVIL ACTION NO. **1:CV-11-1101** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DON'S & SON'S TOWING | : | |
| & BODY SHOP, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 15, 2011, Plaintiff, Francis P. Langanella, Jr., an inmate at SCI-Camp Hill, Camp Hill, Pennsylvania, filed, *pro se*, this civil rights action in Dauphin County Court of Common Pleas pursuant to 42 U.S.C. §1983. (Doc.1, Ex. A). Plaintiff attached exhibits to his Complaint. Plaintiff initiated his action in the Dauphin County Court of Common Pleas by filing a Writ of Summons, pursuant to Pa.R.C.P. 1351, on March 29, 2011. (Doc. 3). Plaintiff's action was docketed in the Dauphin County Court of Common Pleas as 2011 CV 3276. Plaintiff also filed a Motion to proceed *in forma pauperis* in the Dauphin County Court of Common Pleas, which was granted on April 12, 2011. (Doc. 1, Ex. A).

Plaintiff named as Defendants the following: Don's and Son's Towing & Body Shop; Don's and Son's Auto Parts Inc.; Harrisburg City Police Department; Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicles Unit of the Commonwealth of Pennsylvania; the City of Harrisburg; and Harrisburg City Police Corporal Terry Wealand. Plaintiff essentially alleges that Defendant Wealand improperly searched and seized his vehicle during a

traffic stop on December 31, 2008, and that his vehicle was then improperly impounded and eventually deemed abandoned by Defendants.  Plaintiff claims that Defendants Wealand and Harrisburg Police Department violated his constitutional rights under the Fourth Amendment by illegally arresting him and illegally searching and seizing his vehicle, and that as a result, his property was taken without due process, in violation of his rights under the Fourteenth Amendment.

On June 8, 2011, Defendants Wealand and Harrisburg City Police Department filed a Notice of Removal of this action under 28 U.S.C. §1441.  (Doc. 1).  Defendants asserted that this Court had original jurisdiction over Plaintiff's §1983 civil rights action under 28 U.S.C. §1331.[1] Defendants Wealand and Harrisburg City Police Department paid the filing fee in this Court when they filed their Notice of Removal.

On June 30, 2011, Plaintiff filed a Notice in Opposition to Defendants Wealand and Harrisburg City Police Department's Notice of Removal of his action to federal court, and he sought his case to be remanded to Dauphin County Court, or in the alternative, to be transferred to the District Court for the Middle District of Pennsylvania. (Doc. 4).[2]

On July 1, 2011, Defendants Wealand and Harrisburg City Police Department filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), with a copy of Plaintiff's Complaint attached as Exhibit A.  **(Doc. 5)**.  Defendants Wealand and Harrisburg City Police

---

[1]Plaintiff did not pay the filing fee in this Court.  Rather, when Defendants Wealand and Harrisburg City Police Department filed a Notice of Removal of this action, they paid the filing fee. *See* Doc. 1.  Also, as stated, Plaintiff did not pay the filing fee with the state court when he commenced his action.

[2]Plaintiff mistakenly believed that Defendants removed his case to the Eastern District of Pennsylvania.

Department filed their support brief on July 5, 2011. (Doc. 6). After being granted an extension of time, Plaintiff filed his opposition brief, with his Complaint attached as Exhibit A, on August 22, 2011. (Docs. 9, 11 and 12).

On July 19, 2011, we issued a Report & Recommendation and recommended that Plaintiff's Motion to Remand this case to state court (Doc. 4) be denied. (Doc. 10). On September 15, 2011, the Court adopted our R&R and denied Plaintiff's Motion to Remand. (Doc. 14).

On September 14, 2011, Plaintiff filed an "Affidavit for Default Judgment" pursuant to Fed.R.Civ.P. 55(a)(b)(1). **(Doc. 13).** Plaintiff avers as follows:

> 2. Defendant Don's and Son's Auto Parts Inc. was served with the Complaint by the Dauphin County Sheriff[']s office May 20, 2011.
>
> 3. Defendant Don's and Son's Auto Parts Inc. was served with the Complaint by the Dauphin County Sheriff[']s Office on May 18, 2011.
>
> 4. Defendant City of Harrisburg, a Municple (sic) Corporation was served with the Complaint by the Dauphin County Sheriff[']s Office on May 13, 2011.
>
> 5. Defendant Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicles Unit of the Commonwealth of Pennsylvania were served with a copy of the Complaint by the Dauphin County Sheriff[']s Office on May 13, 2011.
>
> 6. Today is Augest (sic) 27, 2011 and it has been 98 days or more since the Defendant mentioned herein have been served. Defendants have had ample time to respond but have failed to do so.

(Doc. 13, p. 1, ¶'s 2-6).

Plaintiff seeks the Clerk of Court to enter Default Judgment against Defendants Don's and Son's Towing & Body Shop, Don's and Son's Auto Parts Inc., the City of Harrisburg, and Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicles Unit

of the Commonwealth of Pennsylvania, in the amounts of $25,000 for compensatory damages and $250,000 for punitive damages plus costs.

To date, the following Defendants were served with Plaintiff's Complaint: Corporal Terry Wealand (Doc. 3, p. 97); City of Harrisburg, a Municiple (sic) Corporation, Mayors (sic) Office (Doc. 3 p. 98); Harrisburg City Police Department of the City of Harrisburg, Pennsylvania (Doc. 3, p. 99) and Corporal Terry Wealand, Badge #403, Individually and as an agent for the City of Harrisburg (Doc. 3, p. 100).

Also, to date, only the following Defendants responded to Plaintiff's Complaint, Harrisburg City Police Department and Terry Wealand *via* their Motion to Dismiss.

The Court stated in the case of *Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.* ("*Rhino*"), 2007 WL 3490165, * 1 (M.D. P.a 2007), as follows:

> An entry of default under Rule 55(a) of the Federal Rules of Civil Procedure must precede an entry of default judgment under Rule 55(b)(2).  *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 521 n. 1 (3d Cir. 2006). An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). FN 7
>
> > FN 7. *See Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 n. 1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well."); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917-19 (3d Cir. 1992).

In *Clark v. Foley*, 2008 WL 4279886, *2 (M.D. Pa.), the Court stated:

> A defendant who has been previously served is required to file a responsive pleading or defense within twenty days of service. Fed.R.Civ.P. 12(a)(1)(A). Federal Rule of Civil Procedure 55 sets forth the two step procedure and

requirements for default judgment. First, a party's default may be entered by the Clerk of Court "[when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). Second, once notice of a party's default is entered, default judgment may be entered by the Clerk where the plaintiff's claim is for a sum certain, *see* Fed.R.Civ.P. 55(b)(1), or by the court in all other cases, *see* Fed.R.Civ.P. 55(b)(2). "For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c).

To date, Default has not yet been entered as to Defendants Don's and Son's Towing & Body Shop, Don's and Son's Auto Parts Inc., the City of Harrisburg, and Pennsylvania Department of Transportation.

Moreover, we have not yet screened Plaintiff's Complaint which is required under the PLRA before any Defendant is obliged to respond to it. *See Banks v. County of Allegheny*, 568 F.Supp. 2d 579, 589 (W.D. Pa. 2008)("The court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss.") citation omitted; *Bartelli v. Beard*, 2008 WL 4363645 (M.D. Pa. 9-24-08)(Court screened inmate's civil rights Complaint under PLRA even though he filed it in state court and Defendants removed it to federal court). As stated, Plaintiff Laganella did not pay the filing fee in the state court, and he did not pay the filing fee in this Court. Thus, this Court can screen Plaintiff's Complaint even though Plaintiff is not complaining about prison conditions. *See Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6*; Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4, 2009 WL 4051244 (M.D. Pa.); *Leininger v. Twoton Inc.*, 2009 WL 1363386, * 2 (M.D. Pa.); *Maynard v. ENT Surgical Assoc.*, Civil No. 09-1993, M.D. Pa. (1-26-10

Memorandum); *McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 356 (3d Cir. 2010)(court stated that screening process was required by 28 U.S.C. §1915 for civil action filed by non-inmate seeking to proceed *in forma pauperis*).

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Despite the fact that Plaintiff is not complaining about prison conditions, § 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp*., 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

Thus, Plaintiff's request for Default Judgment against the stated Defendants (Doc. 13) is premature, and we will recommend that it be denied.

On September 14, 2011, Plaintiff filed a request for an extension of time to file an amended complaint. **(Doc. 15).**

We now screen Plaintiff's pleading as we are obliged to do under the PLRA. *See Mueller v. Centre County*, 2009 WL 4912305 (M.D. Pa.); *Banks v. County of Allegheny*, 568 F.Supp. 2d 587-588. We also consider the Motion to Dismiss of Defendants Wealand and Harrisburg City Police Department.

**II. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009).  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

---

[3]Plaintiff does not allege in his pleading that all Defendants are state agencies.

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra.*

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Banks v. County of Allegheny*, 568 F.Supp. 2d at 588.

## III. Motion to Dismiss Standard.

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with

its facts. *See Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly*, 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

## IV. Discussion.

> 1.    *Motion to Dismiss of Defendants Wealand and Harrisburg City Police Department (Doc. 5)*

In their Motion to Dismiss Plaintiff's Complaint, Defendants Wealand and Harrisburg City Police Department argue that Plaintiff's constitutional claims against them relate to a traffic stop which occurred on December 31, 2008, and that since Plaintiff filed his action on April 15, 2011, his claims are time barred.  Defendants also contend that Harrisburg City Police Department is not a proper Defendant in this §1983 action.

As both parties recognize, the law is clear that civil rights claims in Pennsylvania are subject to a two-year statute of limitations.  *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-1622, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6 affirmed 146 Fed.Appx. 558, 561 (3d Cir. 2005); *Mattis v. Dohman*, 260 Fed. Appx. 458, 461, n. 3(citations omitted); *Barnett v.*

*York County*, Civil No. 11-0906, M.D. Pa. (July 14, 2011).  Further, as both parties again recognize,

under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has

discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury.

*Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994); *Beattie, supra.*

 We must consider when Plaintiff's present constitutional claims against Defendants Wealand

and Harrisburg City Police Department accrued.  In *Ricketts v. AW of UNICOR*, 2009 WL 2232467,

*9 (M.D. Pa.), the Court stated:

> In applying the statute of limitations to a ...  civil rights action,
> a federal court must employ the appropriate state statute of limitations
> which governs personal injury actions. *Wilson v. Garcia,* 471 U.S. 261,
> 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Urrutia v. Harrisburg County
> Police Dept.,* 91 F.3d 451, 457 n. 9 (3d Cir.1996); *King v. One
> Unknown Fed. Corr. Officer,* 201 F.3d 910, 913 (7th Cir.2000) (noting
> that the statute of limitations for a § 1983 action and a *Bivens* action
> are both governed by the state statute of limitations for personal injury
> claims). The *Wilson* Court clarified that courts considering federal
> civil rights claims "should borrow the general or residual [state] statute for
> personal injury actions." *Owens v. Okure,* 488 U.S. 235, 250, 109 S.Ct.
> 573, 102 L.Ed.2d 594 (1989); *Little v. Lycoming County,* 912 F.Supp.
> 809, 814 (M.D.Pa.1996). Pennsylvania's applicable personal injury
> statute of limitations is two years. *See* 42 Pa. Cons.Stat. Ann. § 5524(7);
> *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir.1993).
>
> However, the date when a cause of action accrues is still a question
> of federal law. *Smith v. Wambaugh,* 887 F.Supp. 752, 755 (M.D.Pa.1995).
> Under federal law, a civil rights cause of action accrues, and the
> statute of limitations begins to run, when the plaintiff "knew or should
> have known of the injury upon which [the] action is based." *Sameric
> Corp. of Delaware, Inc. v. City of Philadelphia,* 142 F.3d 582, 599
> (3d Cir.1998) (section 1983 action). The limitations period begins to
> run if a plaintiff has sufficient notice to place him on alert of the need
> to begin investigating. *Gordon v. Lowell,* 95 F.Supp.2d 264, 272
> (E.D.Pa.2000). Under *Gordon,* a "**claim accrues upon knowledge of
> the actual injury, not that the injury constitutes a legal wrong**." *Id.*

(Emphasis added). *See also Joyner v. BOP*, 2005 WL 3088371(two-year SOL for civil rights action in Pennsylvania).

In his April 15, 2011 Complaint, Plaintiff alleges, in part, as follows:

> 12.     On December 31, 2008, Defendant Corporal Terry Wealand, Badge # 403 of Harrisburg City Police Department (H.P.D.) initiated a traffic stop of Plaintiff at approx. 1:42 am on or around the 600 block of Woodbine Street in Harrisburg Pa for failure to use turn signal when entering the flow of traffic.

> 13.     Corporal Terry Wealand, *via* computer records indicated Plaintiff's driving privileges were under suspension and vehicle was inspected but lacked emissions sticker.

> 14.     Defendant Wealand issued (2) citations at the scene for driving under suspended license and invalid inspection due to no emissions sticker.  (See EXHIBIT E pages 2-6).

> 15.     Defendant Wealand asked Plaintiff to exit the vehicle to sign citations and after doing so informed Plaintiff he was free to leave the scene but Plaintiff vehicle was going to be impounded and searched.

(Doc. 5-2, p. 6, ¶'s 12-15).

Plaintiff also avers that when his vehicle was illegally impounded, Defendant Wealand illegally searched the contents of an eye glass case found in the pocket of Plaintiff's coat and that this illegal search resulted in his illegal arrest.  Plaintiff avers that after he was illegally arrested, his keys were removed from his pocket, and Defendant Wealand opened the trunk of his vehicle and informed him that additional charges would be filed against him based on the items discovered in the illegal search of his trunk.  (*Id.*, pp. 7-8).

Plaintiff further avers:

26.     Officer Wealand doing an alleged inventory of the Plaintiff's vehicle never produced a complete or accurate inventory of the vehicle and all

property therein.  *Comm. v. Chambers*, 920 A.2d 892 (Pa. Super. 2007); *U.S. v. Haro Salcedo*, 107 F.3d 769 (Ca 10ct 1997) (See EXHIBIT E page 30).

27.    Plaintiff was informed while in police van that he would be receiving additional charges as a result of items discovered during illegal search of trunk.

28.    Plaintiff was transported to the Harrisburg City Police station located at 123 Walnut Street, Harrisburg, Pa 17101.

29.    Plaintiff was booked and the 2 citations Plaintiff received at the scene were confiscated and summary charges were added to the arrest paperwork which now included a turn signal violation Plaintiff received a warning for at the scene of the initial routine traffic stop. (See EXHIBIT E pg. 26).

30.    Plaintiff was arraigned and bail was set at $150,000.

31.    Plaintiff unable to post bail at that time was transported to Dauphin County Prison to be housed while awaiting trial.

(*Id*. , pp. 7-8, ¶'s 26-31).

Plaintiff also alleges that afer Defendant Wealand conducted an unlawful search and seizure of his property and vehicle, Defendant failed to produce a complete and accurate inventory.

Plaintiff concludes his allegations against Defendant Wealand as follows:

113.    Defendant Corporal Terry Wealand, ordered the impound of Plaintiff's vehicle and property therein December 31, 2008 without immobilizing for 24 hours to allow Plaintiff to redress grievance at Local Magistrate, denying Plaintiff of well established rights to due process, equal protection, and redress of grievance.  (See EXHIBIT 5) *Comm v. Thurman, Comm. v. Brandt*, 366 A.2d 1242 (1976).

114.    Despite Plaintiff's explanation of license and inspection, Defendant Wealand acted with calloused (sic) indifference of Plaintiff's rights due to his intention to impound and search for evidence of criminal activity since he was aware of the prior arrests.  Denying Plaintiff's rights to redress grievance against impound.

(*Id.*, p. 20, ¶'s 113-114).  Plaintiff avers that he was illegally seized, arrested and searched and that

he was deprived of his property in violation of his constitutional rights.

In *Irick v. City of Phila.*, 2008 WL 2120171, *8 (E. D. Pa.), the Court stated:

> An arrest may violate the standards of the Fourth Amendment if it is
> made without probable cause to believe that a crime has been committed.
> *Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994). Thus,
> the proper inquiry in a Section 1983 claim based on false arrest is
> "'whether the arresting officers had probable cause to believe the person
> arrested had committed the offense.'" *Groman v. Township of Manalapan,*
> 47 F.3d 628, 634 (3d Cir.1995). If the arresting officer lacked probable cause
> to make the arrest, the arrestee also has a claim under § 1983 for false
> imprisonment based on a detention pursuant to that arrest." *Id.* at 636
> (*citing Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir.1988)).
>
> Typically, the existence of probable cause in a § 1983 action is a question
> of fact. *Wilson v. Russo,* 212 F.3d 781, 796 (3d Cir.2000) (*citing Sherwood
> v. Mulvihill,* 113 F.3d 396, 401 (3d Cir.1997)); *Groman,* 47 F.3d at 635.
> A court, however, can conclude that probable cause did not exist as a matter
> of law if the evidence viewed in the light most favorable to the non-moving
> party would not reasonably support a finding of probable cause. *See
> Sherwood,* 113 F.3d at 401. It is the Court's role to determine whether the
> objective facts available to the police officer at the time of the arrest would
> justify a reasonable belief that an offense was being committed. *Victory
> Outreach Ctr. v. Melso,* 313 F.Supp.2d 481, 488 (E.D.Pa.2004) ( *citing
> Johnson v. Campbell,* 332 F.3d 199, 211 (3d Cir.2003)). Thus, the
> Court must examine whether any facts in the record reasonably support a
> finding of a lack of probable cause.
>
> "Probable cause to arrest exists when the facts and circumstances within
> the arresting officer's knowledge are sufficient in themselves to warrant a
> reasonable person to believe that an offense has been or is being committed
> by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782,
> 788 (3d Cir.2000) ( *citing Orsatti v. New Jersey State Police,* 71 F.3d 480,
> 482 (3d Cir.1995). [FN2].  Thus, the probable cause standard does not turn on
> the actual guilt or innocence of the arrestee, but rather, whether the arresting
> officer reasonably believed that the arrestee had committed the crime."
> *Radich v. Goode,* 886 F.2d 1391, 1397 (3d Cir.1989); *see also Barna,* 42 F.3d
> at 819 ("The test for an arrest without probable cause is an objective one,
> based on the facts available to the officers at the moment of arrest."). The

good faith or bad faith of the arresting officer is entirely irrelevant. *Whren v. United States,* 517 U.S. 529, 531 (1998).

(Footnote omitted).

In *Ulitchney v. Jeff Ruzicki*, 2010 WL 5494050, *4 (3d Cir. 1-5-11), the Court stated:

"A seizure occurs '[w]henever an officer restrains the freedom of a person to walk away.' " *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir.2002) (quoting *Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). And, "[t]he test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, 'the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.' " *Kopec v. Tate,* 361 F.3d 772, 776 (3d Cir.2004) (quoting *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

*See also Gale v. Stori*, 608 F.Supp. 2d 629, 633 (E.D. Pa. 2009)("A seizure occurs whenever a police officer restrains a persons's freedom and prevents him or her from walking away.")(citations omitted).

In *Gale v. Stori*, 608 F.Supp. 2d at 633, the Court stated that a "Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" (citations omitted).

It is abundantly clear in the present case, and readily apparent from Plaintiff's pleading and exhibits, that he discovered, or should have discovered, his Fourth Amendment claims regarding the alleged unconstitutional conduct of Defendants Wealand and Harrisburg City Police Department on December 31, 2008, at the time of his alleged illegal arrest, the alleged illegal search of his vehicle, and the alleged illegal impoundment of his vehicle. Plaintiff's two-year statute of limitations with respect to his constitutional claims against Defendants Wealand and Harrisburg City Police Department expired on December 31, 2010. Plaintiff did not file his present Complaint until April 15, 2011, over three (3) months after his statute of limitations expired.

14

Even if we use the March 14, 2011 date Plaintiff signed his Complaint under the prison mailbox rule, Plaintiff's Complaint is still untimely with respect to his claims against Defendants Wealand and Harrisburg City Police Department.[4]

In his opposition brief, Plaintiff states that he filed a Praecipe for Writ of Summons in the state court, on February 24, 2011, under the prison mailbox rule, and that this preserved that date for purposes of his statute of limitations. (Doc. 12, pp. 1-2).  The record shows that Plaintiff signed his Praecipe for Writ of Summons on February 23, 2011, and that it was filed in state court on March 29, 2011 (Doc. 3).  Regardless, even if we use February 23, 2011 as the actual filing date of Plaintiff's instant civil rights action, it is still time barred as against Defendants Wealand and Harrisburg City Police Department since the applicable statute of limitations expired on December 31, 2010.

Further, Plaintiff contends that his statute of limitations should not begin to run until September 17, 2009, "which was the first opportunity the Plaintiff had of knowing his civil rights were violated." (*Id*., p. 6).  Plaintiff explains as follows:

> Plaintiff was not aware of and had no way of knowing the statement that Wealand made at the scene of the traffic stop were (sic) in direct conflict with H.P.D.'s [Harrisburg City Police Department ] policies and procedures, instructing him to act in accordance with Pa. Statute 6309.2, until Dauphin County District Attorney Francis Chardo provided] the discovery package to the Defense, and this information and documentation was forwarded to me by my attorney on Friday Sept. 17, 2009, just before the surpression (sic) hearing held in front of The Honorable Judge Scott Evans of Dauphin County Courts.  (See Affidavit, Exhibit D). (Complaint Paragraph 2), EXHIBIT A.

---

[4]The Complaint was signed by Plaintiff on March 14, 2011.  Thus, as Plaintiff recognizes under the prison mailbox rule, we construe his instant case as being filed on March 14, 2011. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10).

(*Id.*, p. 5, ¶ 16).

However, Plaintiff's present constitutional claims against Defendants Wealand and Harrisburg City Police Department did not begin to accrue when Plaintiff alleges he became aware that the December 31, 2008 traffic stop by Defendant Wealand was in conflict with Harrisburg City Police Department's policies and procedures. Rather, the constitutional claims arose when Plaintiff discovered his constitutional injury or, in the exercise of reasonable diligence, should have discovered his injury, *i.e.* when Defendant Wealand's conduct violated his Fourth Amendment rights and not police policies.  See *Gordon v. Lowell*, 95 F.Supp.2d 264, 272 (E.D. Pa.2000)(a "**claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong**.")(emphasis added). Plaintiff clearly discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury related to his Fourth Amendment constitutional claims against Defendants Wealand and Harrisburg City Police Department on December 31, 2008, when he alleges he was illegally arrested, his property was illegally searched and illegally seized.  Plaintiff did not have to wait until his September 17, 2009 suppression hearing in the state court to discover his instant constitutional claims against Defendants Wealand and Harrisburg City Police Department. In fact, we find that Plaintiff's own exhibits attached to his Complaint show that he knew of his constitutional claims against Defendants Wealand and Harrisburg City Police Department on December 31, 2008, when Corporal Wealand made a traffic stop of Plaintiff, searched Plaintiff and his vehicle, and impounded Plaintiff's vehicle.  In the  transcript excerpt Plaintiff submitted from his June 17, 2009 preliminary hearing with respect to the charges Defendant Wealand filed against him, Corporal Wealand testified that he stopped Plaintiff on Woodbine Street and that he initially told Plaintiff that

after Plaintiff signed for the citation Plaintiff was free to leave without his vehicle.   Defendant

Wealand told Plaintiff he was going to impound his vehicle since Plaintiff was driving under

suspension and, that he was going to conduct a search of it.  (Doc. 5-2, Ex. E).  Defendant Wealand

searched Plaintiff's vehicle, including its trunk, and Wealand searched Plaintiff's jacket after he felt

something hard.  All of this conduct by Defendant Wealand occurred on December 31, 2008, and

Plaintiff was well aware of it at that time.  Plaintiff's attempt to have the statute of limitations tolled

in his case until September 17, 2009, is simply not supported by his own exhibits.  Also, as stated,

the operative time for the statue of limitations to start running was when Plaintiff knew or should have

known his Fourth Amendments were allegedly being violated and not when he became aware that

Wealand's conduct was in conflict with the policies of the Harrisburg Police Department.  See

*Gordon v. Lowell*, *supra*.

Thus, we agree with Defendants Wealand and Harrisburg City Police Department that

Plaintiff's constitutional claims against them are time barred and should be dismissed with prejudice.

We also agree with Defendants Wealand and Harrisburg City Police Department that a

municipal police department is not a proper Defendant in a §1983 action.  Defendants cite to *Padilla*

*v. Township of Cherry Hill*, 110 Fed.Appx. 272 (3d Cir. 2004).  In *Retzler v. Bristol Tp.*, 2009 WL

691993, *3 (E.D. Pa. 3-11-09), the Court stated:

> A local police department may not be sued along with its municipality because
> the police department is not a separate legal entity. *See Padilla v. Twp. of Cherry*
> *Hill*, 110 F. App'x 272, 278 (3d Cir.2004) ("In Section 1983 actions, police
> departments cannot be sued in conjunction with municipalities, because the
> police department is merely an administrative arm of the local municipality, and
> is not a separate judicial entity."); *see also Bonenberger v. Plymouth Twp.*, 132
> F.3d 20, 25 n. 4 (3d Cir.1997); 2d 595, 599 (E.D.Pa.2002) (dismissing Bristol

17

Township Police Department because it cannot be sued alongside Bristol Township).

The Court in *Retzler v. Bristol Tp.*, 2009 WL 691993, *3, also stated:

> The Bristol Township Police Department is not a proper party to this lawsuit. A local police department may not be sued along with its municipality because the police department is not a separate legal entity. *See Padilla,* 110 F. App'x at 278; *see also Bonenberger,* 132 F.3d at 25 n. 4; *Toth,* 215 F.Supp.2d at 599 (E.D.Pa.2002). The case against the Bristol Township Police Department is therefore dismissed.

As stated, Plaintiff has named both Harrisburg City Police Department and City of Harrisburg as Defendants in this case. As such, Plaintiff's case as against Harrisburg City Police Department should be dismissed. *Id.*; *Pirino v. Scranton Police Dept.*, 2005 WL 3006983, *3 (M.D. Pa. 11-9-05)("police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") citing *Padilla v. Township of Cherry Hill*, 110 Fed.Appx. 272, 278 (3d Cir. 2004); *Draper v. Darby Tp. Police Dept.*, 777 F.Supp. 2d 850, 856 (E.D. Pa. 2011)(Court held that "Darby Police Department is not a 'person' subject to suit in a §1983 civil rights action because it lacks an identity separate from the municipality of which it is a part.") citations omitted.

Thus, we will recommend that Defendant Harrisburg City Police Department be dismissed with prejudice.

Accordingly, we will recommend that the Motion to Dismiss of Defendants Wealand and Harrisburg City Police Department (Doc. 5) be granted, and that these two Defendants be dismissed with prejudice.

2.    *Screening Plaintiff's Complaint as against Defendants Don's and Son's Towing & Body Shop, Don's and Son's Auto Parts Inc., Pennsylvania Department of Transportation, and the City of Harrisburg*

A.  *Defendant Pennsylvania Department of Transportation*

Defendant Pennsylvania Department of Transportation, Bureau of Motor Vehicles ("Penn DOT") is a state agency and as such, it is entitled to sovereign immunity with respect to Plaintiff's present action against it.  Plaintiff avers that in November 2008 he wrote Defendant Penn DOT and appealed the suspension of his driving privileges.  Plaintiff alleges that at the time his vehicle was stopped by Defendant Wealand on December 31, 2008, it was legally registered with Penn DOT.  Plaintiff also avers as follows:

32.    Plaintiff by way of U.S. Postal Service notified family of his arrest and asked if they could retrieve personal items and property left in Plaintiff's vehicle, now being stored at Defendant Don's and Son's Towing and Body Shop impound yard, 1128 Jonestown Road, Harrisburg Pa 17112 (See EXHIBIT I).

33.    Defendant, Don's and Son's Towing and Body Shop, refused to allow Plaintiff's family (father) to remove any personal items or property from the vehicle and advised Plaintiff's father that the vehicle could only be released to owner once impound fees were paid. (See EXHIBIT I).

34.    Plaintiff's father wrote him at Dauphin County Prison on or about Jan 30, 2009, of the facts set forth in paragraph 33.

35.    Plaintiff received certified letter from Defendant Pennsylvania Department of Transportation, Abandoned Vehicles Unit, mailed to 104 Currin Drive, Harrisburg, Pa. 17112 and signed for by mother of the Plaintiff at Jonestown Road Post Office and forwarded to Plaintiff at Dauphin County Prison (See EXHIBIT J).

36.    Notice of Abandonment sent by Penn DOT, Abandoned Vehicles Unit was dated Jan. 25, 2009.  (See EXHIBIT J).

37.    Abandonment Notice notified Plaintiff, Defendant, Harrisburg City Police Department (H.P.D.) filed a report with them that stated Plaintiff abandoned his vehicle, a Ford Mustang 1986, vin # IFAB26A8GF269280,

body style 2 door Title # 38577290 State, Pa. (See EXHIBIT J).

38.    Abandonment Notice informed Plaintiff of his rights to a copy of the Abandonment Report and a hearing to challenge the Abandonment if done within 30 days of the date on the Notice, Jan. 25, 2009.  (See EXHIBIT J).

39.    Plaintiff appealed the alleged abandonment through letter to Harrisburg City Police Department on or about Feb. 5, 2009 addressed to Officer In Charge of the Abandoned Vehicles Unit, at 123 Walnut St. Harrisburg Pa. 17101.  Noting letter opposed the disposing of, settling of or junking of the vehicle unopposed. (See EXHIBIT K).

40.    Plaintiff's letter to H.P.D. requested a hearing and a copy of the Abandonment Report.  Plaintiff in follow up letter requested he be transported to a hearing from Dauphin County Prison to hearing location.  (See EXHIBITS J, K). Letter also asked the impound yard be notified.

41.    Plaintiff informed Defendant, Don's and Son's Towing and Body Shop of this requested hearing and notified them, Plaintiff was challenging the legality of the impound and arrest, sent to them on or around Feb. 3, 2009.  (See EXHIBITS J, L).

42.  Plaintiff informed Defendant, Don's and Son's Auto Parts Inc., 370 Yocumtown Rd. Etters Pa. address on Feb. 5, 2009 of requested hearing and opposing the legality of the arrest and impound.  I also noted I do not give permission for the vehicle to be disposed of or sold until my due process rights to court proceedings are completed.  (See EXHIBIT L).

43.    Plaintiff wrote to Defendant, Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicles Unit on or about February 5, 2009, requesting a hearing be scheduled, a copy of the Report of the Abandoned Vehicle asking it be forwarded to him at 501 Mall Road, Hbg. Pa. 1711, Dauphin County Prison. (See EXHIBITS J, M).

44.    Despite Plaintiff's notifying all parties involved, at all their known and listed addresses Plaintiff received no replies and no hearing was ever scheduled or held allowing Plaintiff any opportunity to oppose the alleged abandonment, as his rights guaranteed him.

(Doc. 5-2, pp. 8-9, ¶'s 32-44).

Further, with respect to Defendant Penn DOT, Plaintiff avers:

48.     Plaintiff mailed numerous follow up letters to all Defendants for information on requested hearing and abandonment report as well inform parties of my court case and scheduling of hearings from Jan of 2009 through June of 2009.  (See EXHIBITS O, P).  Again telling I give no permission to take ownership or junk or sell, or scrap my vehicle and property therein.

49.     Plaintiff was finally notified that his vehicle and property was turned over to Defendant, Don's and Son's Auto Parts of Etters, Pa. with a certificate of salvage on Feb. 26, 2009.  This notification was dated June 15, 2009 and not signed by anyone.  However it was sent from Penn DOT's Abandoned Vehicle Unit and Penn DOT's envelope.  (See EXHIBIT Q).

50.     Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicles Unit stated they don't get involved in the hearings.  Despite their being made aware no hearing was held which they were aware I had the rights to prior to advising me of my rights to a hearing.  (See EXHIBITS Q, P, M).

51.     Plaintiff's attorney on record, Asst. Public Defender Damian Destefano, filed a motion for return of Plaintiff's property with Dauphin County Courts.  The Motion was denied on Aug. 24, 2010 by the Honorable Judge Evans.

(Doc. 5-2, p. 10, ¶'s 48-51).

Finally, with respect to Defendant Penn DOT, Plaintiff avers:

117.     Defendant, Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicles Unit fraudulently instructed Plaintiff of right to appeal an Abandonment Report which, Harrisburg Police Department never intended to provide.  This was malicious in nature and reckless, resulting in a violation of Plaintiff's rights.  (See EXHIBITS V, Q, J).

118.     Plaintiff followed all instruction Abandonment Notice stated to do in a timely manner to preserve his Rights to Redress grievance, however, no due process rights were honored and Defendant Penn DOT, still knowingly awarded a certificate of salvage for Plaintiff's vehicle and property therein, causing loss of property and vehicle. (See EXHIBITS J, K, L, M, Q).

119.     Plaintiff made Defendant, Pennsylvania Department of Transportation, Bureau of Motor Vehicles, Abandoned Vehicle Unit, aware he opposed the abandonment and specifically refused to allow them to give, sell, junk or turn

21

over to anyone his vehicle and property therein without due process rights to redress grievance.  (See EXHIBITS L, M).

120.    Defendant, PennDOT, acted with calloused (sic) indifference which was reckless and resulted in the Plaintiff's vehicle and property therein to be lost and unreturnable to the Plaintiff in its value other than through compensatory relief, by way of a civil remedy.

(Doc. 5-2, pp. 20-21, ¶'s 117- 120).

Since Plaintiff admits that on August 24, 2010, the Dauphin County Court denied his Motion for Return of Property regarding his vehicle, and that he attempted to appeal the Dauphin County Court's denial of his Motion for Return of Property to no avail, the *Rooker-Feldman* doctrine may bar any of his claims which would effectively require this federal court to return his vehicle to him and to overturn the state court's decision which found that Plaintiff was not entitled to have his property and vehicle returned to him.  Thus, we find that Plaintiff's action raising constitutional claims based on the alleged unlawful seizure and the alleged unlawful taking of his property and his vehicle may be  barred under the *Rooker-Feldman* doctrine to the extent Plaintiff's Complaint raises claims caused by the Dauphin County Court's denial of his Motion for Return of Property.

In *Goodson v. Maggi*, 2011 WL 2533286, * 7, the Court stated:

[The Third Circuit Court of Appeals has] established the following test, based on the Supreme Court's holding in *Exxon Mobil:*
[T]here are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir.2010) (quoting *Exxon Mobil,* 544 U.S. at 284, 125 S.Ct. 1517). Furthermore, in formulating the four-part test, the court of appeals determined that the phrase "inextricably intertwined" neither created an additional legal

test nor expanded the scope of the doctrine beyond challenges to state-court judgments. *Id.* at 170. Rather, "[t]he purpose of the [phrase had been] to highlight that a challenge to a judgment is barred even if the claim forming the basis of the challenge was not raised in the state proceedings." *Id.* (alteration to original) (citing *Bolden v. City of Topeka, Kan.,* 441 F.3d 1129, 1141 (10th Cir.2006)). Hence, the court of appeals opined that the phrase is no more than "a descriptive label attached to claims that meet the requirements outlined in *Exxon Mobil.*" *Id.* at 170 (quoting *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 87 (2d Cir.2005)).

The court of appeals in *Great Western* found that the key to determining whether *Rooker–Feldman* barred a claim lies within the second and fourth requirements of the four-part test. 615 F.3d at 166. Essentially, the second requirement—plaintiff must complain of injuries caused by the state court judgment—is an inquiry into the source of the plaintiff's injury. *Id.* (citing *Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 547 (3d Cir.2006)).

The *Goodson* Court also stated:

The fourth requirement of the four-part test—that the plaintiff must invite federal court review and rejection of the state court judgment—is closely related to the second requirement. *Id.* at 168 (quoting *Bolden,* 441 F.3d at 1143). The fourth requirement focuses, however, on "whether the federal plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169. Moreover, it looks at the relief that is requested by the plaintiff.

*Id.* at *8. *But see Draper v. Darby Tp. Police Dept.*, 777 F.Supp. 2d 850, 855 (E.D. Pa. 2011)(Court found that *Rooker-Feldman* doctrine did not bar Plaintiff's constitutional claim since Plaintiff alleged a §1983 claim for violation of his Fourteenth Amendment due process rights based on the improper impoundment of his vehicle and since the injury was not caused by the state court judgment, but by an alleged underlying violation of federal law which occurred before the state court judgment. The *Draper* Court also found that its Plaintiff did not raise a due process claim in his state court proceeding.  In the present case, it is not clear if Plaintiff Laganella raised a due process claim with

respect to his Motion for Return of Property which was denied by the Dauphin County Court on August 24, 2010.

Thus, insofar as our Plaintiff is complaining of injuries caused by the state court's August 24, 2010 decision, and insofar as Plaintiff is requesting this federal court to overturn the state court's decision, such claims are barred by the *Rooker-Feldman* doctrine.

In addition, Plaintiff's claims against Defendant Penn DOT are barred under the Eleventh Amendment.  We find that Plaintiff cannot proceed with respect to his claims against Defendant Penn DOT since they are barred under the Eleventh Amendment.  Based on *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001), because Defendant Penn DOT is an agency of the Commonwealth of Pennsylvania, this Court's jurisdiction over this Defendant is barred by the Eleventh Amendment of the United States Constitution, and all claims against it are subject to dismissal.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), this Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  [**41] Furthermore, Pennsylvania has

unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. §
8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661
F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3.

In *Beattie v. DOC SCI-Mahanoy*, 2009 WL 533051, *6 (M.D. Pa. 3-3-09), the Court stated:

> As to Defendants DOC, SCI-Mahanoy,FN5 and Pennsylvania State Police, the
> court does not find these defendants to be suitable entities for a § 1983
> claim. Section 1983 creates a cause of action against every "person" who
> under color of state law deprives an individual of a right secured by the
> Constitution or federal statute. *See* 42 U.S.C. § 1983. Furthermore, the United
> States Supreme Court maintains that state agencies are not subject to liability
> under § 1983 actions brought in federal court.FN6 *See Howlett v. Rose,*
> 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) ( " *Will [v.
> Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45
> (1989) ] establishes that the State and arms of the State, which have
> traditionally enjoyed Eleventh Amendment immunity, are not subject to suit
> under § 1983 in either federal or state court."). The Pennsylvania
> Department of Corrections and the Pennsylvania State Police are state
> agencies, not persons. However, even if it could be determined that the
> Department of Corrections or the State Police is a "person" within the
> meaning of § 1983, Beattie has only requested monetary damages from
> each one. A request for monetary damages from a state agency is barred by
> the state's sovereign immunity under the Eleventh Amendment. *See Bd. of
> Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363-64, 121 S.Ct. 955,
> 148 L.Ed.2d 866 (2001) (explaining private parties cannot sue states in federal
> court for monetary damages). Therefore, the complaint must be dismissed
> as to Defendants Department of Corrections and Pennsylvania State Police.

(Footnote omitted).

In *Draper v. Darby Tp. Police Dept.*, 777 F.Supp. 2d 850 (E.D. Pa. 2011), Plaintiff filed a

§1983 civil rights action alleging that his vehicle was impounded in violation of the Pennsylvania

Vehicle Code, that he did not receive any notice before his vehicle was towed, and that the

impoundment of his vehicle deprived him of his property.  Plaintiff Draper sued the Darby

Township Police Department, a police officer, a towing company, and Penn DOT.  With respect

to Defendant Penn DOT, the *Draper* Court stated:

> Defendant Pennsylvania Department of Transportation ("PennDOT") seeks to dismiss plaintiff's § 1983 claim against it on Eleventh Amendment immunity grounds. Dkt. 6. The Eleventh Amend  *Lombardo v. Pa. Dep't of Public Welfare,* 540 F.3d 190, 194–95 (3d Cir.2008). PennDOT is a state agency. *See* 71 Pa. Stat. § 61; *Nails v. Pa. Dep't of Transp.,* 414 Fed.Appx. 452, 454–55, 2011 WL 596400, at *2 (3d Cir.2011). Congress has not abrogated the States' immunity from § 1983 actions, *see Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and Pennsylvania has declined to consent to suit in federal court, 42 Pa. Cons.Stat. § 8521(b). Accordingly, plaintiff's § 1983 claim against PennDOT will be dismissed.
>
> Plaintiff will not be granted leave to amend its complaint with respect to PennDOT because any such amendment would be futile. *Nails,* 414 Fed.Appx. at 454–55, 2011 WL 596400, at *2–3.

777 F.Supp. 2d at 853-854.

 *Draper* is directly on point with our case as against Defendant Penn DOT.  Thus, as in *Draper*, we find that this Court's jurisdiction over Defendant Penn DOT with respect to Plaintiff's constitutional claims against it under §1983 is barred by the Eleventh Amendment, and we will recommend that this Defendant be dismissed with prejudice.  *See Draper, supra; Democracy Rising PA v. Celluci, supra; Beattie v. DOC SCI-Mahanoy, supra*.  Since Plaintiff's constitutional claims under §1983 against Defendant Penn DOT are subject to dismissal with prejudice, we will recommend that the Court decline to exercise supplemental jurisdiction over any state law claims that Plaintiff may be construed as raising against this Defendant.  See 28 U.S.C. §1367(c)(3); *Draper,* 777 Fed.Supp.2d at 856.

 *B.  Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc.*

 Plaintiff alleges that Defendant Don's and Son's Towing & Body Shop is the contracted towing service for the City of Harrisburg and the Harrisburg Police Department.  Plaintiff alleges that Defendant Don's and Son's Auto Parts Inc. is the company that took possession of his vehicle and all

of his property in it with a Certificate of Salvage/Replacement Title. (Doc. 5-2, p. 5). As stated above, Plaintiff avers that after his illegal arrest, and the illegal search and seizure of his vehicle and property by Defendant Wealand, Defendant Don's and Son's Towing & Body Shop of Harrisburg was contacted to tow his vehicle, impound it and store it.   Plaintiff avers that sometime between early January 2009 and January 30, 2009, Defendant Don's and Son's Towing & Body Shop refused to allow his father to remove his personal property from his impounded vehicle. (Doc. 5-2, p. 8).[5]   Plaintiff alleges that on February 5, 2009, he notified Defendant Don's and Son's Towing & Body Shop that he requested a hearing to oppose the impoundment of his vehicle and that he did not give permission for his vehicle to be sold until his due process rights to state court hearings were completed. (*Id*., p. 9).   Plaintiff states that despite his requests for a hearing, no hearing was held to give him the opportunity to oppose the abandonment of his vehicle. (*Id*.).   Plaintiff then avers that he was later notified by Defendant Penn DOT that his vehicle and property were turned over to Defendant Don's and Son's Auto Parts Inc. with a certificate of Salvage on February 26, 2009. (*Id*., p. 10).   As stated, Plaintiff concedes that his Motion for Return of Property filed with the Dauphin County Court was denied on August 24, 2010. (*Id*.).

Thus, Plaintiff alleges that Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc. deprived him of his property in violation of his due process rights. (*Id*, p. 18).  Plaintiff concludes his allegations against Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc. as follows:

---

[5]We note that these claims of Plaintiff are also time barred.   Plaintiff signed his Writ of Summons he filed in state court on February 23, 2011, over two years after his January 2009 claims.

102.    Defendant, Don's and Son's Towing and Body Shop failed to allow family of Plaintiff to retrieve personal property and monetary property that Plaintiff requested which could have allowed Plaintiff to post bail once retrieved. Depriving the Plaintiff [of] his rights to property without due process or just compensation which the Pa. and U.S. Constitutions insure.

103.    Defendant, Don's and Son's Towing and Body Shop released impounded vehicle to Don's and Son's Auto Parts Inc. which was in direct violation of Plaintiff's rights and deprived him of his property unreasonably.

104.    Defendant, Don's Towing was notified by Plaintiff of the Plaintiff challenging the abandonment, challenging the impound and was specifically notified that Plaintiff gave no permission for vehicle to be disposed of, sold, or consider the vehicle abandoned or junked before disposition of court proceedings. (See EXHIBIT L).

105.    By disregarding the Plaintiff notifying them Don's and Son's Towing and Body Shop acted with calloused (sic) indifference of the Plaintiff's rights and deprived the Plaintiff of property without due process or just compensation. Also failing to keep vehicle and property safely secured and stored for the owner while in their impound yard.

106.    Defendant, Don's and Son's Auto Parts Inc. by gaining a certificate of salvage for the Plaintiff's vehicle and property therein did violate Plaintiff's rights to be free of deprivation of property without due process.  Defendant was informed that they had no permission to take possession of, junk, sell, or dispose of the Plaintiff's vehicle prior to the disposition of Plaintiff's charges since Plaintiff was challenging the legality of the impound and opposing the abandonment, this action of the Defendant was calloused (sic) indifference of Plaintiff's rights and deprived Plaintiff of property. (See EXHIBITS L, P).

107.    Defendant, Don's and Son's Auto Parts Inc. did take possession of Defendant's vehicle without Plaintiff being afforded due process rights guaranteed by Pa and U.S. Constitutions and was made aware so doing so was intentional and knowingly. (See EXHIBITS J, L, Q).

(*Id.*, pp. 18-19, ¶'s 102-107).

Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. are not

state agencies with respect to Plaintiff's allegations, and Plaintiff's constitutional claims against them

under §1983 fail as a matter or law.  Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. are private corporations.

In *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam), the Third Circuit stated:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here, the majority of the defendants are private citizens and not state actors. Liability would attach if a private party conspired with a state actor, *Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185, ... .

Plaintiff's Complaint identifies Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. as private corporations.  (Doc. 5-2, p. 5).  Plaintiff states that Defendant Don's and Son's Towing & Body Shop was the contracted towing service for the City.  Plaintiff does not state that Defendant Don's and Son's Auto Parts Inc. had a contract with the City.  Plaintiff does not sufficiently aver that Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. were state agencies.  *See Kasarda v. Kuttner*, 2005 WL 1322765, # 8 (M.D. Pa. 6-2-05).

Further, insofar as Plaintiff is alleging  that Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. were trying to deprive him of his vehicle and property in violation of his civil rights, we have construed Plaintiff as claiming, in part, that his action is for constitutional violations under § 1983, namely, violations of his due process rights.  We will recommend that Plaintiff's  claims be dismissed as against Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. since these Defendants are not state agencies, and they are private corporations.  As such, they are not proper Defendants under § 1983.  *See Kasarda, supra.; Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.) (A private company is not an

appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law.)(citations omitted); *Maynard v. ENT Surgical Assoc.*, Civil No. 09-1993, M.D. Pa. (1-26-10 Memorandum); *Jacobowitz v. M&T Mortgage Corporation, 372* Fed. Appx. at 227 (M&T Mortgage Corporation was not a state agency); *Klein v. U.S. Bank, N.A.*, Civil No. 10-1690 (M.D. Pa.) (12-3-10 Order);*Brodeur v. Wells Fargo Bank, N.A.*, Civil No. 10-2452, M.D. Pa.; *Keisling v. Renn*, 2010 WL 3984876, *12, n. 2 (M.D. Pa. 9-7-10)(Court noted that even if the Plaintiff's claims involving a state court mortgage foreclosure action filed against him by Defendants National City Mortgage and PNC Bank were not barred by the *Rooker-Feldman* doctrine, and the Court found that they were, Plaintiff's §1983 claims against these two Defendants were not cognizable since they did not act under color of state law.) adopted by 2010 WL 3984813 (M.D. Pa. 10-12-10) affirmed by 2011 WL 1632955, 425 Fed.Appx. 106 (3d Cir. 5-2-11).

Additionally, as mentioned, we find that Plaintiff's Complaint does not sufficiently allege that Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. were acting under color of state law with respect to the towing, impoundment  and obtaining a salvage title with respect to Plaintiff's vehicle. As stated, the Dauphin County Court denied Plaintiff's Motion for Return of his Property.  Thus, we will recommend that Plaintiff's Complaint be dismissed as against Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc. to the extent it raises civil rights claims against them under §1983.  *See Keisling v. Renn*, 2011 WL 1632955, *1 (3d Cir. 5-2-11)(Third Circuit Court found that Plaintiff's Complaint against Defendants who filed the state court foreclosure action against him, National City Mortgage, PNC Bank as well as their attorneys, were not properly alleged to have acted under color of state law) citing *Dennis v. Sparks*, 449 U.S. 24, 28

(1980)("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").

Thus, Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. can only be held liable in this case under § 1985 (3) if they conspired with a state actor.  *See Keisling v. Renn*, 2010 WL 3984876, *9 citing, in part, *Abbott v. Latshaw*, 164 F. 3d 141, 147-48 (3d Cir. 1998)("[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of §1983.").

As in *Brookhart*, we do not find that Plaintiff has properly alleged Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. were part of a conspiracy under §1985(3) with state actors to deprive him of his property in violation of his constitutional rights.  Plaintiff seems to allege that Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc. conspired with Defendant Wealand to deprive him of his property in violation of his Fourteenth Amendment due process rights since he states that he was illegally arrested, and that he and his property were illegally searched and seized.  Thus, Plaintiff seems to assert a claim under § 1985(3) against Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc.

In *Brookhart v. Rohr*, 385 Fed. Appx. at 70, the Court stated:

> Section 1985(3) of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Brookhart did not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a section 1985(3) claim.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C. § 1985(3) are set forth in a line of Supreme Court cases beginning with the decision in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. The Court strictly construed the requirement of class-based invidious animus in *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding that commercial and economic animus could not form the basis for a section 1985(3) claim. *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these decisions, a plaintiff must allege the following elements in order to state a claim pursuant to 42 U.S.C. § 1985(3):
>
> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Id.*

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3). Instead, the complaint must allege that Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted).

Plaintiff Langanella fails to state that he falls within a class entitled to protection afforded by §1985(3). Additionally, Plaintiff does not state that the alleged conspiracy involving Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc. with Defendant Wealand and the City "was motivated by discriminatory animus against an identifiable class and that the

discrimination against the identifiable class was invidious." *Farber v. City of Patterson*, 440 F. 3d 131, 135 (3d Cir. 2006).  Further, as stated above, in *Keisling v. Renn*, 2011 WL 1632955, *1 (3d Cir. 5-2-11), the Third Circuit Court found that Plaintiff 's Complaint against Defendants who filed the state court foreclosure action against him, including National City Mortgage, PNC Bank as well as their attorneys, were not properly alleged to have acted under color of state law, and the Court  cited to *Dennis v. Sparks*, 449 U.S. 24, 28 (1980), and quoted *Dennis* by stating, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."

Thus, we will recommend that all of Plaintiff's claims, to the extent they are construed as being under §1983 and §1985(3), against Defendants Don's and Son's Towing & Body Shop and  Don's and Son's Auto Parts Inc. be dismissed with prejudice.  *See Brookhart, supra*.; *Keisling v. Renn*, 2011 WL 1632955, *1 (3d Cir. 5-2-11).

## C. Defendant City of Harrisburg

Plaintiff names the City of Harrisburg as a Defendant pursuant to *Monell*.  We do not find that Plaintiff states a cognizable *Monell* claim against Defendant  City.  With respect to Defendant City of Harrisburg, Plaintiff alleges as follows:

> 82.    Defendant City of Harrisburg, Pennsylvania failed to require and establish guidelines protecting property owners from Constitutional violations when allowing Police Departments to perform inventories that fail to produce complete and accurate accounts of all property.  Rather only require an untrained non-expert in monetary value of property evaluate and decide whether an item should be included on an inventory list of 5$ value (Examples of priceless items, DD214, birth certificate, photos of events and family aren't but paper but are priceless to the owner).  (See EXHIBIT I).

83.     Pa. State case law supports a complete and accurate inventory being Constitutional and the fact the City of Harrisburg only require Harrisburg City Police Department to afford the officer complete discretion when performing the search and subsequently inventorying of owners (citizens) property as in the Plaintiff's case was unconstitutional. *Florida v. Wells* (495 US 12) *Comm v. Smyser* 211 A.2d 59, 205 Pa. Super. 599 (Pa. 1965).

84.     Plaintiff's vehicle was not in lawful possession of Police of the City of Harrisburg (H.P.D.) and an inventory of items of 5$ value only, as determined by an untrained officer in that area certainly can not be considered protecting the owners property.  One of the three reasons for an inventory search to be done by Pa. Law, and is unconstitutional.  *Comm v. White*, 669 A.2d 896, 543 Pa. 45 (Pa. 1995) 543 Pa. 62, *Holzer*, 480 Pa. at 103, 359 A.2d at 106, *Baker*, 518 Pa. at 148, 541 A.2d at 1383.

85.     Defendant City of Harrisburg fail to provide agents of the City with procedural requirements to safeguard property of the owners and constitutional requirements, is unreasonable. *Comm. v. Brandt*, 366 A.2d 1242 (1776), *Comm v. Hennigan, Comm. v. Burgwin*, 386 A2d 19, 254 Pa. Super. 417 (Pa. Super 1978) 428 US at 375, 96 S.Ct. at 3099, *US v. Lumpkin, U.S. v. Lage*, 183 F.3d 374 (CA 5 Tex 1999), *US v. Rehkap*, 96 F.3d 301, 305 (8th Cir. 1996).

86.     Defendant, Harrisburg City Police Department failed to require officers to follow any written guidelines when performing an inventory of vehicles and property therein and this is unreasonable since an inventory of an impounded vehicle is conducted to safeguard the owners property and should be done to produce a complete and accurate inventory to protect owner from loss, such as happened to Plaintiff.  This isn't possible to accomplish if there are no guidelines or written procedure in place for officers to follow.  (See case law for paragraphs 83-85).

(Doc. 5-2, pp. 14-15, ¶'s 82-86).

As discussed above with respect to Defendant Wealand, we find that Plaintiff's constitutional claims against Defendant City of Harrisburg are time barred since they all relate to the arrest of Plaintiff, and the search and seizure of his vehicle and property which clearly occurred on December 31, 2008.  *See Martin v. Red Lion, supra*.  Thus, we find that all of Plaintiff's constitutional claims against Defendant City of Harrisburg should be dismissed with prejudice.

Moreover, Plaintiff has named the City of Harrisburg as a Defendant pursuant to *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978); *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008); *Basile v. Twp. of Smith*, 2010 WL 4687787, *13.  Under *Monell*,  "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.); *Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.), 639 F.Supp.2d 566 (E.D. Pa. 2009).

As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98 S.Ct. 2018. Because PrimeCare contracted to provide medical care to inmates at the Prison, the same standards apply. *See West,* 487 U.S. at 56, 108 S.Ct. 2250.

*Id.*

We find that Plaintiff has not properly stated a municipal liability claim under *Monell* against Defendant City of Harrisburg with respect to his stated constitutional claims against the police officer Defendant, Wealand, under the Fourth Amendment.   Initially, as mentioned, we find that as a matter of law, Plaintiff 's *Monell* claim against Defendant City of Harrisburg should be dismissed since we find that Plaintiff's claims against Defendant Wealand are time barred.  *See Basile v. Twp. of Smith*, 2010 WL 4687787, *14(citations omitted).

Further, Defendant City of Harrisburg cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior* as Plaintiff clearly attempts to do in this case with respect

to his Fourth Amendment claims. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9. Rather, "[Defendant City of Harrisburg is] subject to liability to the extent [it] maintain[s] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted). As indicated above, Plaintiff alleges that Defendant City of Harrisburg did not have guidelines regarding the inventories of property performed by police on impounded vehicles and that the City did not have guidelines to safeguard the property of its residents during an inventory.

In *Gale v. Stori,* the Court stated:

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The ability to exercise one's Fourth Amendment right, however, is limited. It is considered a "personal right that must be invoked by an individual.... [T]he extent to which [it] protects people may depend upon where those people are." *Minnesota v. Carter,* 525 U.S. 83, 88 (1998) (internal citation omitted); *see also Katz v. United States,* 389 U.S. 347, 351 (1967) ("The Fourth Amendment protects people, not places."). The Supreme Court has limited the "capacity to claim the protection of the Fourth Amendment" to those who have a "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois,* 439 U.S. 128, 143 (1978). Moreover, the expectation of privacy must be a "reasonable one." *Florida v. Riley,* 488 U.S. 445, 455 (1989) (O'Connor, J., concurring).

608 F.Supp. 2d at 635.

Plaintiff does not allege that Defendant City of Harrisburg had policies to deprive its residents of their Fourth Amendment rights by permitting its police to conduct illegal searches and seizures of its residents and their property. Plaintiff alleges that Defendant Wealand failed to conduct a proper inventory of his vehicle and property when Wealand impounded it on December 31, 2008. Plaintiff avers that Defendant Wealand did not accurately, completely and properly list all of his property on the inventory the officer conducted. Plaintiff further alleges that Defendant Wealand did not properly evaluate the value of his property on the inventory, such as his photos and birth certificate.

As the *Kokinda* Court stated:

> A municipality cannot be held liable for the actions of its
> employees under § 1983 based upon *respondeat superior*.
> *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct.
> 2018, 56 L.Ed.2d 611 (1978).  However, "the government as an
> entity is responsible under § 1983" when it "caused" the Plaintiff's
> injury; that is, "when execution of a government's policy or custom,
> whether made by its lawmakers or by those whose edicts or acts
> may fairly be said to represent official policy, inflicts the injury."
> *Id.* at 694, 98 S.Ct. 2018.  Where, as here, Plaintiff alleges that
> the flawed policy is a failure to train, the municipality can be held
> liable when "'that failure amounts to "deliberate indifference . . .
> [to the constitutional rights of persons with whom the police come
> in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324
> (3d Cir. 2005) (citations omitted).  There must also be a causal
> nexus, in that the "'identified deficiency in [the] training program
> must be closely related to the ultimate 'constitutional'' injury."
> *Id.*  at 325 (citations omitted).
>
> To survive a motion to dismiss, the plaintiff must "allege that a 'policy
> or custom' of [the defendants] was the 'moving force' behind the
> [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d
> 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v.
> Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91.

Plaintiff does not make any allegations as described above against Defendant City of Harrisburg

necessary to make it subject to  municipality liability in a  § 1983 action.  Plaintiff does not allege any

causal nexus between an identifiable policy and his alleged constitutional injuries.  We find that Plaintiff

has not sufficiently stated a claim under *Monell* against Defendant City of Harrisburg with respect to

his Fourth Amendment claims.  Based on *Kokinda, Meyers*, and *Malles*, as well as *Mueller v. Centre

County*, 2009 WL 4912305, we find Plaintiff's allegations do not sufficiently state that Defendant City

of Harrisburg caused any alleged conduct of the individual police officer Defendant by having customs,

policies, practices and procedures, and how these policies gave rise to the constitutional violations alleged in the Complaint.   Also, as discussed above, even if Plaintiff did state a claim against Defendant City of Harrisburg under *Monell*, we find that Plaintiff's constitutional claims against Defendant Wealand and Defendant City of Harrisburg are time barred.

Therefore, we will recommend that Defendant City of Harrisburg be dismissed with prejudice.

D.  *Claims for damages under Pennsylvania Constitution*

Plaintiff seeks monetary damages against Defendants for alleged violations of his rights under the PA Constitution, Article I, Sections 8 and 20, in addition to damages for alleged violations of his rights, in part, under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution. (Doc. 5-2, pp. 21-22). Plaintiff cannot seek money damages from Defendants under the Pennsylvania Constitution.   Thus, to the extent that Plaintiff seeks money damages from Defendants under the Pennsylvania Constitution (*Id.*), it well-settled that he has no private right of action under the Pennsylvania Constitution for money damages.   Therefore, insofar as Plaintiff is raising  claims under the Pennsylvania Constitution for damages, these claims are subject to dismissal as against all Defendants.  *See Bowers v. City of Phila.*, 2008 WL 5210256, *8 (E. D. Pa.).  Thus, all claims for damages that Plaintiff is making under the Pennsylvania Constitution against all Defendants  should be dismissed as a matter of law.  *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327 and note 13 (M.D. Pa.)("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(citations omitted); *Brandt v. Borough of Palmyra*, Civil No. 08-0677, M.D. Pa.; *Maynard v. ENT Surgical Assoc.*, Civil No. 09-1993, M.D. Pa. (1-26-10

Memorandum).[6]

Additionally, in *Barshinger v. Buffington*, 2004 WL 3607974, *10, the Court stated:

The procedural aspect of the Due Process Clause of the Fourteenth Amendment mandates that individuals have a "meaningful" opportunity to contest significant deprivations of liberty or property. *Abbott v. Latshaw,* 164 F.3d 141, 146-47 (3d Cir.1998). Advance notice is the constitutional norm, but post-deprivation notice meets due process standards if it "guarantee[s] protection against erroneous or arbitrary seizures." *Id.* The adequacy of post-deprivation procedures depends on a balancing of the government interests involved and the risk of an erroneous deprivation caused by a

---

[6]The case of *Farrell v. County of Montgomery*, 2006 WL 166519 (E.D. Pa.), also supports the dismissal of our Plaintiff's claims for damages under the Pennsylvania Constitution.  In *Farrell*, the Court stated:

> Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private cause of action for a federal constitutional violation.  *Morris,* 2005 WL 950615, at *43; *Kaucher*, 2005 WL 283628, at * 31.  Although there is some support for an action seeking injunctive relief to enforce the equal rights provisions of the Pennsylvania Constitution, "there has been no such holding as to an action for damages." *Kaucher*, 2005 WL 283628, at * 31.

*Id.* * 3.

The *Farrell* Court concluded that:

> Plaintiffs are seeking damages for violation of the Pennsylvania Constitution and their claim falls squarely within the persuasive reasoning of *Pollarine, Morris*, and *Kaucher*.  Therefore, Plaintiffs' state constitutional claim fails as a matter of law, and Count III of the amended complaint will be dismissed with prejudice.

*Id.*

lack of additional safeguards. *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), *quoted with approval in City of Los Angeles v. David,* 538 U.S. 715, 716 (2003) (per curiam).

The *Barshinger* Court also noted, in part, as follows:

> FN4. Even absent waiver, plaintiffs' procedural due process claim would not succeed. Pennsylvania law provides that all municipal agencies must provide a hearing whenever a municipality renders a final decision affecting property rights, see 2 Pa. Cons.Stat . § 553; *City of Phila. Bd. of License & Inspection Review v. 2600 Lewis, Inc.,* 661 A.2d 20, 22 (Pa.Commw.Ct.1995), and offers the opportunity for a hearing before a vehicle is finally declared abandoned, *see* 5 Pa. Cons.Stat. § 7305(b)(5) (stating that owner has right to hearing within thirty days of notice of abandoned vehicle); *cf. David,* 538 U.S. at 716 (stating that towing of vehicles without prior notice to owners did not violate procedural due process when hearing on validity of action was provided within thirty days).

*Id.* at n. 4.  *See also Draper v. Darby Tp. Police Dept.*, 2011 WL 3240835, *2 (E.D. Pa. 7-29-11).

Thus, even if Plaintiff 's due process claims were not subject to dismissal as discussed above, we do not find that Plaintiff  could succeed on them since PA law provided for a post-deprivation hearing.   In fact, Plaintiff states that the Dauphin County Court denied his Motion for Return of Property in August 2010.   Further, Plaintiff had available a state court appellate process to challenge the Dauphin County Court's decision.

   *E.  State Law Claims*

Since we find that Plaintiff has not established a federal claim against Defendants, we will recommend that the Court decline to exercise pendent jurisdiction over Plaintiff's state law claims against all Defendants.  *See Verdecchia v. Prozan*, 274 F.Supp.2d 712, 728 (W.D. Pa. 2003); *Grimm v. City of Uniontown*, 2008 WL 282344, *32 (W.D. Pa. 1-31-08).

## V.  Recommendation.

Based on the foregoing, it is respectfully recommended that the Motion to Dismiss of Defendants Wealand and Harrisburg City Police Department **(Doc. 5)** be granted, and that these two Defendants be dismissed with prejudice.  Additionally, it is recommended that Plaintiff's request for Default Judgment **(Doc. 13)** against Defendants Don's and Son's Towing & Body Shop, Don's and Son's Auto Parts Inc., the City of Harrisburg, and Pennsylvania Department of Transportation be denied.  It is also recommended that Defendant Penn DOT be dismissed with prejudice, and that Defendants Don's and Son's Towing & Body Shop and Don's and Son's Auto Parts Inc. be dismissed with prejudice.  It is further recommended that Defendant City of Harrisburg be dismissed with prejudice, and that Plaintiff's claims under the Pennsylvania Constitution for damages be dismissed with prejudice  as against all Defendants.[7]

Additionally, it is recommended that Plaintiff's request for an extension of time to file an amended complaint **(Doc. 15)** be denied based on futility.

---

[7] Based on our detailed discussion above, we do not recommend that Plaintiff be allowed to amend his pleading as to any Defendants since we find futility of any amendment. *See Ashton v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  Thus, we recommend that Plaintiff's request for an extension of time to file an amended complaint (Doc. 15) be denied.  *See Shane v. Fauver*, 2131 F.3d 113, 115 (3d Cir. 2000).

Finally, since we find that Plaintiff has not established a federal claim against Defendants, we recommend that the Court decline to exercise pendent jurisdiction over Plaintiff's state law claims against all Defendants.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 11, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS P. LAGANELLA, JR.        :     CIVIL ACTION NO. **1:CV-11-1101**
                                           :
            Plaintiff             :     (Chief Judge Kane)
                                           :
              v.                  :     (Magistrate Judge Blewitt)
                                           :
DON'S & SON'S TOWING        :
& BODY SHOP, et al.,          :
                                           :
          Defendants       :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 11, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                **s/ Thomas M. Blewitt**
_____   **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**


**Dated: October 11, 2011**